**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS – FORT WORTH DIVISION**

| | |
|---|---|
| JUDITH E. EIERDAM, § <br> PLAINTIFF § <br> § <br> VS. § <br> § <br> PORTFOLIO RECOVERY § <br> ASSOCIATES, LLC, and § <br> § <br> EQUIFAX INFORMATION SERVICES, § <br> LLC, and § <br> § <br> EXPERIAN INFORMATION § <br> SOLUTIONS, INC., and § <br> § <br> TRANSUNION, LLC, § <br> DEFENDANTS § | CIVIL ACTION NO. _____ <br><br> COMPLAINT <br><br> AND <br><br> DEMAND FOR JURY TRIAL |

**COMPLAINT**

COMES NOW the Plaintiff, JUDITH EILEEN EIERDAM (hereafter "Plaintiff" or "Eierdam"), by Counsel, James A. Foley of the Ciment Law Firm, PLLC, and for her complaint against the Defendants, alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act).

**JURISIDICTION AND VENUE**

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1681p, and 28 U.S.C. §1331.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred, as well as a substantial part of the acts and omissions that are the subject of this action, in this Judicial District. Venue is proper in this district because the Plaintiff resides in Tarrant County, Texas, in the United States District Cout Northern District of Texas.

**PARTIES**

4. Plaintiff is a natural person and is a resident of Fort Worth, Tarrant County, Texas. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

5.     Defendant EQUIFAX INFORMATION SERVICES, LLC (hereafter "Equifax") is a foreign for-profit corporation registered to do business in Texas, and it may be served through its registered agent, Corporation Services Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701. Defendant is a "consumer reporting agency", as defined by 15 U.S.C §1681a(f), and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

6.     Defendant EXPERIAN INFORMATION SOLUTION, INC. (hereafter "Experian") is a foreign for-profit corporation registered to do business in Texas, and it may be served through its registered agent, CT Corporation System, at 1999 Bryan St. Suite 900, Dallas, Texas 78701. Defendant is a "consumer reporting agency," as defined 15 U.S.C §1681a(f), and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

7.     Defendant TRANSUNION, LLC (hereafter "TransUnion") is a foreign for-profit corporation registered to do business in Texas, and it may be served through its registered agent, The Prentice Hall Corporation, 1 at 211 East 7th Street, Suite 620, Austin, Texas 78701. Defendant is a "consumer reporting agency," as defined 15 U.S.C §1681a(f), and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

8.     Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC (hereafter "Portfolio") is a foreign for-profit Corporation registered to do business in Texas, and may be served through its registered agent, Corporation Service Company dba Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701. Defendant is a "furnisher" of information, as defined by 15 U.S.C.§1681s(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumers. Defendant is also a "debt collector," as defined by 15 U.S.C. §1692a(6) as they regularly collect debts.

## FACTUAL ALLEGATIONS

9.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

10.    On or about October 11, 2021, Portfolio filed suit against Plaintiff in the Tarrant County Justice Court Precinct 6, Case # JP06-21-DC00016011, styled *Portfolio Recovery Associates, LLC vs. Judith Eierdam*, with Portfolio claiming to be the assignee of an alleged debt of $8,371.43, purportedly from U.S. Bank National Association. Plaintiff hired James Foley PLLC to defend her. On July 20, 2022, a trial on merits was held and the Court ruled that Portfolio take nothing. Under Texas Law, the time frame for Portfolio to perfect their appeal was 21 days. Portfolio failed to timely perfect their appeal and the judgment has gone final. Under Texas law, Judith Eierdam does not owe this debt. Despite the Court's ruling, Portfolio never removed the tradeline showing the alleged debt from Plaintiff's reports.

11.     Plaintiff originally disputed with Experian on or about March 3, 2023. The letter was sent via certified mail, return receipt requested. The letter included enough information to identify the account, as well as copies of the original petition and the signed Court Order.

12.     In a letter dated March 30, 2023, Experian submitted the results of their investigation. Upon information and belief, rather than do their own investigation or following the Court Order, Experian merely parroted whatever Portfolio told them. The letter stated that Experian was validating the debt.

13.     On or about May 17, 2023, Plaintiff sent written dispute letters to each of the 3 major credit reporting agencies: Experian, TransUnion, and Equifax. These letters included enough information to identify the account, as well as copies of the initial petition, and the Court's Order. Each letter was sent by USPS Certified Mail/Return Receipt Requested.

14.     On or about June 2 and 3rd, Equifax, Experian, and TransUnion submitted the results of their investigations. Upon information and belief, rather than do their own investigation or following the Court Order, Equifax, Experian, and TransUnion merely parroted whatever Portfolio told them. The letters stated that Equifax, Experian, and TransUnion were validating the debt. In doing so, all 3 defendants are deliberately ignoring a valid Court Order from the duly elected judge of that Court.

15.     On or about July 13, 2023, Plaintiff disputed the debts again with each of the three bureaus. This time the disputes were done by phone. Upon information and belief, rather than do their own investigation or following the Court Order, Equifax, Experian, and TransUnion merely parroted whatever Portfolio told them. The letter stated that Equifax, Experian, and TransUnion were validating the debt. In doing so, all 3 defendants are deliberately ignoring a valid Court Order from the duly elected judge of that Court.

16.     None of the three bureaus responded to the dispute but the Portfolio tradeline remained.

17.     The Defendants received dispute letters. Each correspondence was sent via certified mail, return receipt requested. Furthermore, both disputes included copies of orders signed by the presiding judge of the Court. While the law calls for Credit Bureaus to have reasonable procedures in place and to conduct reasonable investigations, certified letters do not appear to get heightened scrutiny, and legal orders from courts do not appear to have any effect on the Defendants. Upon information and belief, this is a common practice for Defendants Experian and Equifax. See *Rhonda K. Russell v. Equifax, et al*, 4:16-cv-247-Y, a case with Experian and Equifax as Defendants and almost the same set of facts. See also *Durrell T. Jones v. Equifax, et al*, 4:17-cv-00186-O, *Robert J. Case v Equifax, et al*, 4:18-cv-00051-O, and *Sherry S. Swindell v Equifax, et al*, 4:18-cv- 00201-O, more cases where a Court of competent jurisdiction ruled that plaintiff take nothing on a collection suit, but after a valid dispute, sent via certified mail, including a signed Court Order, that was completely disregarded by the Defendants Experian and Equifax. See also *Richard Rasmussen v. Equifax Information Services LLC, et al*, where in addition Equifax and Experian disregarded Court Orders relating to debt lawsuits being dismissed but TransUnion did the same thing.

18. Portfolio is a source that the bureaus know, or should know, is inherently unreliable. A cursory review of PACER shows that 10 plus pages of lawsuits against Portfolio for consumer rights violations. This is the third time that this attorney has sued at least Experian and Equifax on an identical set of facts after Portfolio was unable to prove their case in a court of law.

19. On or about September 8, 2023, Plaintiff applied for credit. Specifically, she applied for a mortgage, as she currently lives in an apartment and would like to invest in a home. She was denied credit, and per the loan originator, the inaccurate Portfolio Tradeline was a substantial factor, if not the only factor, in the credit denial.

20. The reporting of this inaccurate credit information on Plaintiff's credit report negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness. This information was furnished by Portfolio and reported by Experian and Equifax, misrepresenting the payment history and/or status of Plaintiff's account, and is currently being reported and is reflected on Plaintiff's credit report/credit profile, resulting in lowering Plaintiff's credit score, loss of creditworthiness, credit reputation, and furthering Plaintiff's damages.

21. As a result of the inaccurate reporting of this credit information and each of the Defendant's failure to conduct proper investigations, the Portfolio tradeline has been a substantial factor in Judith Eierdam being denied credit.

22. Because of the actions of the three credit bureaus, Plaintiff's credit score has been negatively affected.

23. Because of this, the Plaintiff has suffered damages and future damages that have yet to be determined.

24. Plaintiff's credit reports, credit information, and credit file formulated by Experian, Equifax, and TransUnion have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information furnished by Portfolio and reported by each bureau, damaged Plaintiff's credit rating and lending availability.

## CAUSES OF ACTION

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. This suit is based upon the Defendants violation of the Fair Credit Reporting Act. All causes of action were the producing causes of damages which Plaintiff suffered.

## FAIR CREDIT REPORTING ACT VIOLATIONS

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. This suit is brought against Defendants as the damages made the basis of this suit were caused by their violation of the FCRA. In all instances of violating the FCRA, Defendants did so willfully and/or negligently. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorney's fees.

15 U.S.C. §1681n, "Civil Liability for willful noncompliance", reads, in relevant part:

    **(a)**     **Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:**

        **(1)**     **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000;**
        **(2)**     **such amount of punitive damages as the court may allow; and**
        **(3)**     **in the case of any successful action to enforce any liability under the section, the costs of the action together with reasonable attorney's fees as determined by the court.**

15 U.S.C. §1681o, "Civil Liability for negligent noncompliance", reads, in relevant part:

    **(a)**     **Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:**

        **(1)**     **any actual damages sustained by the consumer as a result of the failure; and**
        **(2)**     **in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.**

### EXPERIAN'S FCRA VIOLATIONS

29. Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

30. Experian violated its duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good faith investigation into Plaintiff's dispute.

31. Plaintiff, with the assistance of her attorney, disputed her Portfolio account with Experian with a detailed dispute letter, which also included the petition and the Court Order, ruling in favor of her. Several dispute letters were sent, and a phone call was made, disputing the inaccuracy of the account. Experian repeatedly notified Eierdam that they would continue reporting the inaccurate information, or would continue to report the inaccurate tradeline, even though Experian received a Court Order stating that Eierdam did not owe Portfolio the amount that they are reporting.

32. If Experian had conducted a reasonable good-faith investigation, they should have determined that Portfolio was providing them with inaccurate data.

15 U.S.C. §1681i(a)(1)(A), "Procedure in case of disputed accuracy", reads, in relevant part:

> **(a)** **Reinvestigations of disputed information**
>
> **(1)** **Reinvestigation Required**
>
> **(A)** *In general.* **Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.**

15 U.S.C. §1681i(a)(5), "Treatment of Inaccurate or Unverifiable Information", reads, in relevant part:

> **(A)** *In general.* **If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall -**
>
> **(i)** **promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and**
>
> **(ii)** **promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.**

33. Experian is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Experian had followed reasonable procedures to assure maximum accuracy, Experian would not have allowed Portfolio to continue reporting false, misleading, and inaccurate information. More than once, Experian received a detailed and thorough dispute letter, with a copy of the state court lawsuit filed against Eierdam and the Court Order that ruled in favor of Eierdam. Experian was put on notice that the information that they were reporting was false, misleading, and inaccurate.

Section 15 U.S.C. §1681e(b), "Accuracy of the Report", reads:

> **(b)** *Accuracy of report.* **Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.**

34. Experian violated 15 U.S.C. §1681i(a)(4), by not considering and reviewing all the relevant information that Plaintiff sent in with her dispute. Plaintiff included a copy of the Portfolio suit against her and a copy of the Court Order. It is on information and belief that Experian ignored Plaintiff's attachments to her dispute letter and followed Portfolio instructions to continue reporting, even in light of overwhelming evidence that it was being reported inaccurately.

## EQUIFAX'S FCRA VIOLATIONS

35. Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

36. Equifax violated its duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good faith investigation into Plaintiff's dispute.

37. Plaintiff disputed her Portfolio account with Equifax with two detailed dispute letters, which also included the petition and the Court Order ruling in favor of Eierdam. Plaintiff also disputed her Portfolio tradeline via phone call. Each time Equifax notified Eierdam that they would continue reporting the inaccurate information, or just continued to report the inaccurate trade line, even though Equifax received a Court Order stating that Eierdam did not owe Portfolio the amount that they are reporting.

38. If Equifax had conducted a reasonable good-faith investigation, they should have determined that Portfolio was providing them with inaccurate data.

15 U.S.C. §1681i(a)(1)(A), "Procedure in case of disputed accuracy", reads, in relevant part:

> **(a)** **Reinvestigations of disputed information**
>
> **(1)** **Reinvestigation Required**
>
> i. ***In general.*** **Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.**

15 U.S.C. §1681i(a)(5), "Treatment of Inaccurate or Unverifiable Information", reads, in relevant part:

    **(A)**    *In general*. **If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall -**

        **(i)**    **promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and**

        **(ii)**    **promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.**

39.  Equifax is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Equifax had followed reasonable procedures to assure maximum accuracy, Equifax would not have allowed Portfolio to continue reporting false, misleading, and inaccurate information. Equifax received a detailed and thorough dispute letter, with a copy of the state court lawsuit filed against Eierdam and the Court Order that ruled in favor of Eierdam. Equifax was put on notice that the information that they were reporting was false, misleading, and inaccurate.

Section 15 U.S.C. §1681e(b), "Accuracy of the Report", reads:

    **(b)**    *Accuracy of report*. **Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.**

40.  Equifax violated 15 U.S.C. §168li(a)(4), by not considering and reviewing all the relevant information that Plaintiff sent in with her dispute. Plaintiff included a copy of Portfolio suit against her and a copy of Court Order. It is on information and belief that Equifax ignored Plaintiff's attachments to her dispute letter and followed Portfolio instruction to continue reporting, even in light of overwhelming evidence was being reported inaccurately.

## TRANSUNION'S FCRA VIOLATIONS

41.  Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

42.  TransUnion violated its duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good faith investigation into Plaintiff's dispute.

43.  Plaintiff disputed her Portfolio account with TransUnion with a detailed dispute letter, which also included the petition and the Court Order, ruling in favor of Eierdam. Plaintiff also disputed her Portfolio tradeline via phone. Each time TransUnion notified Eierdam that they would continue reporting the inaccurate information, or just continued to report the inaccurate tradeline. even though TransUnion received a Court Order stating that Eierdam did not owe Portfolio the amount that they are reporting.

44. If TransUnion had conducted a reasonable good-faith investigation, they should have determined that Portfolio was providing them with inaccurate data.

15 U.S.C. §1681i(a)(1)(A), "Procedure in case of disputed accuracy", reads, in relevant part:

> **(1)   Reinvestigations of disputed information**
>
> > **(1)   Reinvestigation Required**
> >
> > > **(A)** *In general.* **Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.**

15 U.S.C. §1681i(a)(5), "Treatment of Inaccurate or Unverifiable Information", reads, in relevant part:

> **(A)** *In general.* **If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-**
>
> > **(i)** promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and
> >
> > **(ii)** promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

45. TransUnion is currently violating 15 U.S.C. §1681e(b) by not following reasonable procedures to assure maximum possible accuracy. If TransUnion had followed reasonable procedures to assure maximum accuracy, TransUnion would not have allowed Portfolio to continue reporting false, misleading, and inaccurate information. TransUnion received a detailed and thorough dispute letter, with a copy of the state court lawsuit filed against Eierdam and the Court Order that ruled in favor of Eierdam. TransUnion was put on notice that the information that they were reporting was false, misleading, and inaccurate.

Section 15 U.S.C. §1681e(b), "Accuracy of the Report", reads:

> **(b)** *Accuracy of report.* **Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum**

**possible Accuracy of the information concerning the individual about whom the report relates.**

46. TransUnion violated 15 U.S.C. §168li(a)(4), by not considering and reviewing all the relevant information that Plaintiff sent in with her dispute. Plaintiff included a copy of Portfolio suit against her and a copy of Court Order. It is on information and belief that TransUnion ignored Plaintiff's attachments to her dispute letter and followed Portfolio instruction to continue reporting, even in light of overwhelming evidence was being reported inaccurately.

## PORTFOLIO'S FCRA VIOLATIONS

47. Portfolio violated its duty under 15 U.S.C. §1681s-2(b) to conduct a good faith investigation into Plaintiff's disputes and failed to delete or correct the inaccurate information. Plaintiff disputed her Portfolio account with Equifax, Experian, and TransUnion with two detailed dispute letters, which also included the petition and the Court Order ruling in favor of Eierdam. After receiving two disputes from Experian, Equifax, and TransUnion, Portfolio did not conduct a complete, accurate or reasonable investigation into the disputes they received from Experian, Equifax, and TransUnion. Portfolio should have already known or discovered that the information they were reporting was inaccurate. For Portfolio to be liable under 15 U.S.C. §1681, Plaintiff must dispute the account with Experian, Equifax, and TransUnion, the credit reporting bureaus then contacts Portfolio regarding the dispute, and Portfolio must conduct a good faith and reasonable "investigation" as well, and then provides Experian, Equifax, and TransUnion with corrected credit data or delete the trade line. The credit data that Portfolio is providing Experian, Equifax, and TransUnion is false, misleading, and inaccurate, and if Portfolio had conducted a good faith, reasonable investigation, they would have discovered the inaccurate data.

48. If Portfolio had conducted a reasonable, good faith investigation, they should have determined that they were providing the bureaus with inaccurate data. The section entitled "Duty of Furnishers of Information Upon Notice of Dispute" under 15 U.S.C. §1681s-2(b) reads:

> **(1)** **After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**
>
> **(A)** **conduct an investigation with respect to the disputed information;**
>
> **(B)** **review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;**
>
> **(C)** **report the results of the investigation to the consumer reporting agency;**
>
> **(D)** **if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.**

 **(E)** if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate based on the results of the reinvestigation promptly -

  **(i)** modify that item of information;

  **(ii)** delete that item of information; or

  **(iii)** permanently block the reporting of that item of information.

## COUNT II: THE FAIR DEBT COLLECTION ACT

49. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

50. Portfolio has violated 15 U.S.C. §1692e(2)(A) by falsely representing the character and/or the legal status of the alleged debt. Portfolio violated 15 U.S.C.§1692e(8) by reporting credit information to Experian that they knew or should have known to be false. Portfolio violated Federal Statutes 15 U.S.C. §1692e(10) for using false representation or deceptive means to collect or attempt to collect any debt from Eierdam.

51. Portfolio was in the best position to know the correct status of any alleged debt involving Plaintiff. Portfolio originally brought a lawsuit against Plaintiff over the alleged debt, and Portfolio knew full well that they lost after a trail on its merits. Portfolio had the opportunity to appeal the judgment against them. They failed to pay the requisite filing fee to perfect the appeal. Portfolio is a sophisticated party and were represented by attorneys, yet they failed to timely perfect their appeal. Portfolio then continued to report this account as an active debt after The Court ruled that they take nothing. Twice the tradeline was disputed, and both times Portfolio validated the debt as due and owing, knowing full well that The Court had ruled that they take nothing and that the debt had been extinguished.

52. 15 U.S.C. §1692e "False or Misleading Representation" reads, in relevant part:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(2)** **The false representation of—**
>
>  **(A)** **the character, amount, or legal status of any debt**
>
> **and;**
>
> **(8)** **Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.**

    **and;**

    **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

52.     The conduct of the Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages, and harm to Plaintiff and as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory, compensatory, and punitive damages, as well as such other relief, permitted by law.

53.     As a result of Defendants conduct, Plaintiff has suffered great emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

54.     As a result of Defendants conduct, Plaintiff has suffered actual damages to Plaintiff's great detriment and loss.

55.     At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

56.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## DEMAND FOR JURY TRIAL

57.     Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants Equifax, Experian, TransUnion, and Portfolio based on the following requested relief:

(a)     Actual damages pursuant to 15 U.S.C. §1681;
(b)     Statutory damages pursuant to 15 U.S.C. §1681;
(c)     Punitive damages pursuant to 15 U.S.C. §1681;
(d)     Actual damages pursuant to 15 U.S.C. §1692;
(e)     Statutory damages pursuant to 15 U.S.C. §1692;
(f)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o, 15 U.S.C. §1692; and
(g)     Such other and further relief as may be necessary, just, and proper.

Dated: September 25, 2023

                                                                                          Respectfully submitted,

                                                                                          /s/James A. Foley

_____
James A. Foley, SBN 24055491
Daniel Ciment, SBN 24042581
CIMENT LAW FIRM, PLLC
1751 River Run #280
Fort Worth, Texas 76107
(833) 663-3289, ext. 3006
Fax (855) 855-9830
Courtfilings@Cimentlawfirm.com
James@Cimentlawfirm.com
ATTORNEY FOR PLAINTIFF
JESSICA EIERDAM
